```
                    UNITED STATES DISTRICT COURT

                 FOR THE EASTERN DISTRICT OF CALIFORNIA


PENNY CARROLL,
                                     NO. CIV. S-09-2296 LKK/KJM
          Plaintiff,

     v.

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON,
LIBERTY MUTUAL LONG TERM
DISABILITY PLAN,

          Defendants.
                                    /
```

**STATUS (PRETRIAL SCHEDULING) CONFERENCE**

READ THIS ORDER CAREFULLY. IT CONTAINS IMPORTANT DATES WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY. A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

Pursuant to court order, a Status (Pretrial Scheduling) Conference was held in chambers on October 26, 2009. Jesse. S.

Kaplan appeared as counsel for plaintiff; Stacy M. Tucker appeared telephonically as counsel for defendants.  After hearing, the court makes the following findings and orders:

**SERVICE OF PROCESS**

All parties defendant have been served and no further service is permitted except with leave of court, good cause having been shown.

**JOINDER OF PARTIES/AMENDMENTS**

No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

**JURISDICTION/VENUE**

Jurisdiction is predicated upon 29 U.S.C. §§ 1132(e)(1) and 1132(f) is undisputed and is hereby found to be proper, as is venue.

**DISCOVERY**

No modifications of the discovery requirements found in the Federal Rules is ordered.

All discovery is left open, save and except that it shall be so conducted as to be completed by April 15, 2010.  The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.  Motions to compel discovery must be noticed on the

magistrate judge's calendar in accordance with the local rules of this court and so that such motions will be heard not later than March 15, 2010.  In this regard, all counsel are to designate in writing and file with the court and serve upon all other parties a final list of the names of all experts that they propose to tender at trial not later than forty-five (45) days before the close of discovery herein established.  At the time of designation, all experts shall submit a written report.  The contents of the report must comply with Federal Rule of Civil Procedure 26 (A)(2)(b).  All experts so designated are to be fully prepared to render an informed opinion at the time of <u>designation</u> so that they may fully participate in any deposition taken by the opposing party. Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation.

An expert witness not appearing on said lists will not be permitted to testify unless the party offering the witness demonstrates:  (a) that the necessity of the witness could not have been reasonably anticipated at the time the lists were exchanged; (b) the court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly proffered for deposition.

**MID-LITIGATION STATEMENTS**

Not later than fourteen (14) days prior to the close of discovery, all parties shall file with the court and serve on all other parties a brief statement summarizing all law and motion

practice heard by the court as of the date of the filing of the statement, whether the court has disposed of the motion at the time the statement is filed and served, and the likelihood that any further motions will be noticed prior to the close of law and motion. The filing of this statement shall not relieve the parties or counsel of their obligation to timely notice all appropriate motions as set forth above.

**MISCELLANEOUS PROVISIONS**

The parties are to bring on cross motions for summary judgment not later than June 30, 2010.

The parties are reminded that pursuant to Fed. R. Civ. P. 16(b), the Status (pretrial scheduling) Order **shall not be modified except by leave of court upon a showing of good cause**. Counsel are cautioned that changes to any of the scheduled dates will necessarily result in changes to all other dates. Thus, even where good cause has been shown, the court will not grant a request to change the discovery cutoff date without modifying the pretrial and trial dates.

**Agreement by the parties pursuant to stipulation does not constitute good cause. Nor does the unavailability of witnesses or counsel, except in extraordinary circumstances, constitute good cause.**

The parties are reminded of their continuing obligation to supplement their statements relative to the identification of parent corporations and any publicly held company that owns 10% or more of the party's stock within a reasonable time of any change in

1 the information.

2    The parties are admonished that they are not to cite or refer
3 to any of the quotations inscribed in the pavers on the front plaza
4 of the United States Courthouse in any written or oral presentation
5 to the court or a jury.

6    There appear to be no other matters presently pending before
7 the court that will aid the just and expeditious disposition of
8 this matter.

9    IT IS SO ORDERED.

10   DATED:  October 28, 2009.

```
                         /s/ Lawrence K. Karlton
                         LAWRENCE K. KARLTON
                         SENIOR JUDGE
                         UNITED STATES DISTRICT COURT
```